IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03064-BNB

PHILLIP R. DILLARD,

    Plaintiff,

v.

JOHN W. SUTHERS, Attorney General,
TOM CLEMENTS, C.D.O.C. Executive Director, and
RICHARD SMELSER, C.C.C.F. Executive Director,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Philip R. Dillard, is in the custody of the Colorado Department of Corrections (DOC) and is currently incarcerated at the Crowley County Correctional Facility in Olney Springs, Colorado.  He initiated this action by filing a **pro se** prisoner complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343 on November 23, 2011.  He has been granted leave to proceed **in forma pauperis** with payment of an initial partial filing fee.

    The Court must construe the complaint liberally because Plaintiff is not represented by an attorney.  **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal

1

theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." **Hall**, 935 F.2d at 1110.  However, the Court should not act as an advocate for a **pro se** litigant.  **See id.**  Under Section 1983, a plaintiff must allege that the defendants have violated his or her rights under the United States Constitution while the defendants acted under color of state law.  For the reasons stated below, Mr. Dillard will be directed to file an amended complaint.

In the amended complaint, Mr. Dillard asserts one claim.  He alleges that the DOC has labeled him as a sex offender even though he was not convicted of a sex offense.  He asserts that he has been denied parole and a preferential custody rating due to his refusal to sign papers admitting that he is a sex offender.  As relief, Plaintiff seeks damages.  However, he fails to allege the personal participation of each named Defendant.

Personal participation by the named defendants is an essential allegation in a civil rights action.  **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  **Id.**  Mr. Dillard must show that each defendant caused the deprivation of a federal right.  **See Kentucky v. Graham**, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  **See Butler v. City of Norman**, 992 F.2d 1053, 1055 (10th Cir. 1993).  A defendant, such as Attorney General John W. Suthers or Executive Director Tom Clements, may not be held liable merely because of his or her supervisory position.  **See Pembaur v. City of Cincinnati**, 475 U.S. 469, 479 (1986); **McKee v. Heggy**, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Dillard fails to assert how all named Defendants personally participated in the alleged constitutional violations.  Therefore, he will be directed to file an amended complaint that alleges how all named Defendants personally participated in the alleged constitutional violations.  The amended "complaint must explain what each defendant did to him . . . ; when the defendant did it; how the defendant's action harmed him . . . ; and, what specific legal right [he] believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492  F.3d 1158, 1163 (10th Cir. 2007).

Mr. Dillard may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights.  However, if Mr. Dillard uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service.  Accordingly, it is

ORDERED that Plaintiff, Phillip R. Dillard, file **within thirty (30) days from the date of this order** an amended complaint that complies with the directives in this order.  It is

FURTHER ORDERED that it shall be titled "Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294.  It is

FURTHER ORDERED that Mr. Dillard shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Dillard fails to file an amended complaint that complies with this order within the time allowed, the complaint and the action will be dismissed without further notice.

DATED February 2, 2012, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge