## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Honorable Marcia S. Krieger

Civil Action No. 11-cv-03064-MSK-MEH

**PHILLIP RANDOLPH DILLARD,**

      **Plaintiff,**

v.

**TOM CLEMENTS, C.D.O.C. Executive Director; and
RICHARD SMELSER, C.C.C.F. Executive Director,**

      **Defendants.**

___

## OPINION AND ORDER GRANTING MOTION TO DISMISS
## AND ORDERING PLAINTIFF TO SHOW CAUSE

___

**THIS MATTER** comes before the Court on Defendant Tom Clements' Motion to Dismiss **(#19)**. Plaintiff Phillip Randolph Dillard did not respond to the motion.

### I. Jurisdiction

This Court exercises jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

### II. Background

At the time this action was filed, Mr. Dillard was a prisoner incarcerated at Crowley County Correction Facility (CCCF). In his *pro se* Amended Complaint **(#10)**, Mr. Dillard generally alleges that he has had "multiple problems" with the Colorado Department of Corrections (CDOC) mistakenly labeling him as an S4J sex offender since June 30, 1999, and that he experienced "multiple parole denials" for refusing to sign documents pertaining to his S4J classification code.

Mr. Dillard asserts separate claims for relief against Defendant Tom Clements and Defendant Richard Smelser, alleging that each Defendant violated his Fifth, Eighth, and Fourteenth Amendment rights because the CDOC facility improperly classified him as a sex offender and the decision "was never reviewed by the office of the Attorney General or District Attorney" in accordance with C.R.S. §§ 8-3-114 and 12-47.1-704. Mr. Dillard seeks $2,500,000 in monetary damages.

Defendant Clements moves to dismiss Mr. Dillard's claims against him under Fed. R. Civ. P. 12(b)(6) and (b)(1). Mr. Dillard did not respond to the motion. At this time, Defendant Smelser has not appeared in this action.

### III. Standard of Review

In considering Mr. Dillard's fillings, the Court is mindful of his *pro se* status, and accordingly, reads his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in Mr. Dillard's use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve Mr. Dillard of the duty to comply with the various rules and procedures governing litigants and counsel, or the requirements of the substantive law. In these regards, the Court will treat Mr. Dillard according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

There is a strong presumption against dismissal for failure to state a claim under Rule 12(b)(6). *Cottrell, Ltd. v. Biotrol Int'l, Inc.*, 191 F.3d 1248, 1251 (10th Cir. 1999). However, a claim must be dismissed if a complaint does not contain enough facts to make the claim "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is

plausible on its face if the complaint contains sufficient facts for a court to draw an inference that the defendant is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). Although a plaintiff is not required to include detailed factual allegations in a complaint, the complaint must contain "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action," and must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In reviewing a complaint under Rule 12(b)(6), a court should accept, as true, all well-pleaded facts and construe all reasonable allegations in the light most favorable to a plaintiff. *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).

## IV.  Analysis

It is unclear from the Amended Complaint whether Mr. Dillard intends to assert claims against Defendant Clements in an individual and/or official capacity. Defendant Clements moves to dismiss all claims against him in either capacity.

### A.  Official Capacity Claims

Defendant Clements first argues that any claim for a monetary award brought against him in his official capacity must be dismissed because it is barred under the Eleventh Amendment. A motion to dismiss based on Eleventh Amendment immunity is treated as a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). *Meyers v. Colo. Dep't of Human Servs.*, 62 F. Appx. 831, 832 (10th Cir. 2003) (unpublished).

The Eleventh Amendment to the United States Constitution provides: "The judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." A claim against a state official, acting in his or her

official capacity is construed as a claim against the state itself and is generally barred by the Eleventh Amendment. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, the Amendment acts to shield state officials, acting in their official capacities, from claims for monetary relief. *See Hill v. Kemp*, 478 F.3d 1236, 1355-56 (10th Cir. 2007).

Defendant Clements, as Executive Director of the CDOC, is a state official; therefore any claim against him in his official capacity is barred by the Eleventh Amendment. To the extent that Mr. Dillard's brings claims against Defendant Clements in his official capacity, they must be dismissed.

### B. Individual Capacity Claims

As to claims asserted against him in an individual capacity, Defendant Clements argues that they must be dismissed under Rule 12(b)(6) for at least two reasons – (1) Mr. Dillard has not alleged facts showing that Defendant Clements personally participated in a constitutional violation; and (2) Mr. Dillard has not stated facts that would establish any violation of his Fifth, Eighth, or Fourteenth Amendment rights.

To prevail on a claim for damages for a constitutional violation under 42 U.S.C. § 1983, a plaintiff must establish that the defendant acted under color of state law and caused or contributed to the alleged violation. *Jenkins v. Wood*, 81 F.3d 988, 994 (10th Cir. 1996). The plaintiff must show that the defendant personally participated in the alleged violation, and conclusory allegations are not sufficient to state a constitutional violation. *Id.* Further, although state actors who participate in a violation in a supervisory role may incur liability, there is no concept of strict supervisory liability under § 1983. *Id.* (citing *Ruark v. Solano*, 928 F.2d 947, 950 (10th Cir. 1991). It is therefore not enough for a plaintiff merely to show that a defendant was in charge of other state actors who actually committed the violation. *Id.* Rather, the plaintiff

4

must establish "a deliberate, intentional act by the supervisor to violate constitutional rights." *Id.* (citing *Woodward v. City of Worland*, 977 F.2d 1392, 1399 (10th Cir. 1992). This standard may be satisfied by showing that the defendant-supervisor personally directed the violation or had actual knowledge of the violation and acquiesced in its continuance. *Id.*

In this case, the conduct complained of is Mr. Dillard's classification as a sex offender by the CDOC and the absence of review by the Colorado Attorney General or District Attorney. The Amended Complaint contains a vague allegation that Defendant Clements, as executive Director of the CDOC was a "moving force" of "the deprivation," but it does not identify any action or specific conduct that, if true, would show personal participation by Defendant Clements. For example, there are no factual allegations that Defendant Clements personally determined Mr. Dillard's classification, or that he knew the classification was made in error and failed to correct it.

Accordingly, the Amended Complaint fails to state facts sufficient to establish any individual claim against Defendant Clements, and all claims brought against him in an individual capacity are dismissed. In light of this finding, it is unnecessary to undertake an analysis of whether Mr. Dillard sufficiently alleged a constitutional violation.

In light of the previous amendment, and the fact that Mr. Dillard has not responded to the Motion to Dismiss or made any showing of an ability to allege adequate facts, the Court declines to grant Mr. Dillard leave to amend his Amended Complaint.

## V. Conclusion

For the forgoing reasons, Defendant Tom Clements' Motion to Dismiss **(#19)** is **GRANTED**. All claims against Defendant Clements are dismissed without prejudice and any future pleadings should delete his name from the caption.

Further, it appears to the Court that Defendant Smelser has not been properly served under Fed. R. Civ. P. 4(e), and that Mr. Dillard has not complied with proof of service requirements under Fed. R. Civ. P. 4(l).  Mr. Dillard is therefore **ORDERED TO SHOW CAUSE** within 30 days as to why his claims against Defendant Smelser should not be dismissed under Fed. R. Civ. P. 4(m) for failure to serve within 120 days of filing the Complaint.

Dated this 14th day of January, 2013.

**BY THE COURT:**

*/s/ Marcia S. Krieger*

Marcia S. Krieger
Chief United States District Judge